UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH J. MORRIS, | ) |
| Plaintiff, | ) No. CV-11-13-JPH<br>) |
| v. | )<br>) ORDER GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | ) MOTION FOR SUMMARY JUDGMENT<br>)<br>) |
| Defendant. | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without argument on July 20, 2012, ECF No. 12, 14. Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Debra Meachum represents the Commissioner of Social Security (defendant). The parties consented to proceed before a magistrate judge, ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment, **ECF No. 14.**

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) on April 11, 2008 (Tr. 118-131). He alleged disability as of October 22, 2007, due to anxiety, ADHD, anger issues, and bipolar disorder (Tr. 158). The applications were denied initially and on reconsideration (Tr. 69-72, 73-76). Administrative Law Judge (ALJ) Harold Chambers held a hearing on October 26, 2009. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 30-64). On February 12, 2010, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

ALJ denied benefits (Tr. 17-27). The Appeals Council denied review on November 18, 2010 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Final decisions are appealable pursuant to 42 U.S.C. § 405(g). Plaintiff filed this complaint on January 12, 2011 (ECF No. 1, 4).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the record and are briefly summarized here. Plaintiff was 31 years old at onset and 33 at the hearing (Tr. 33). He completed tenth grade and has worked as a grocery stocker and customer service representative. He lives with his spouse and their children. When plaintiff testified at the hearing, both children were less than three years old.

Plaintiff becomes bored with jobs. He then "finds things to get into trouble," like looking at magazines. He helps care for the children, cooks, cleans, does laundry, helps care for pets, uses a computer, shops, and rides the bus (Tr. 34, 37-38, 40-41, 43-44, 53, 180-184, 233, 261-262). He has shoulder and lower back pain but does not take medication (Tr. 46-47).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 20 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 04.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional

capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

## ADMINISTRATIVE DECISION

The ALJ found plaintiff's DIB insurance lasted through December 31, 2012 (Tr. 17, 19). At step one, the ALJ found plaintiff did not engage in substantial gainful activity after onset (Tr. 19). At step two, he found plaintiff suffers from the severe impairments of degenerative disc disease (DDD) of the lumbar spine; retrolisthesis; connective tissue dysfunction consistent with bilateral shoulder instability; generalized anxiety disorder; borderline personality disorder; and drug use, in full sustained remission by report. Id. At step three, the ALJ found plaintiff's medically determinable

impairments, alone and in combination, do not meet or medically equal any of the impairments listed in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (the Listings)(Tr. 20-21). ALJ Chambers found plaintiff less than fully credible (Tr. 23). At step four, he relied on a vocational expert's testimony and found plaintiff is unable to perform any past relevant work (Tr. 25, 58). At step five, again relying the VE, the ALJ found plaintiff can do other jobs such mail clerk, office helper, and food/beverage order clerk (Tr. 27, 58-59). The ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act since onset on October 22, 2007. Id.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel,* 180 F.3d at 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff alleges the ALJ's residual functional capacity determination is flawed, he asked an incomplete hypothetical, and the evidence as a whole fails to support the ALJ's finding that plaintiff is not disabled, ECF No. 13

at 7.

The Commissioner responds that the reasons for the ALJ's credibility assessment are clear and convincing, and his reasons for discrediting some of the contradicted medical evidence are specific, legitimate and supported by substantial evidence. Asserting the decision is free of harmful legal error and supported by substantial evidence, the Commissioner asks the Court to affirm (ECF No. 15 at 11-20).

**DISCUSSION**

**A.   Credibility**

Plaintiff alleges the ALJ "ignored" both the "effects of pain from Plaintiff's physical impairments" and "limitations stemming from his mental impairments" (ECF No. 13 at 9-11). Plaintiff alleges the error was caused by the ALJ's failure to fully credit plaintiff's testimony and allegations of disabling limitations. Defendant responds that the ALJ's credibility findings are specific and supported by substantial evidence and, although perhaps not required, by clear and convincing reasons as well (ECF No. 15 at 13, referring to Tr. 22-25). The court agrees the ALJ's reasons are clear and convincing.

The ALJ found plaintiff less than credible because objective medical evidence did not support claimed disabling mental and physical limitations, treatment was inconsistent and generally conservative, and pain medication was not prescribed. Mental health symptoms were treated effectively with intermittent use of prescribed medication. Finally, plaintiff's activities were inconsistent with allegedly disabling limitations (Tr. 23-25).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In weighing credibility, the ALJ may consider the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(citing Social Security Ruling (SSR) 88-13; quotation marks omitted). The ALJ may also consider an unexplained failure to seek treatment. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

Contrary to plaintiff's allegation, the ALJ provided clear and convincing reasons for discrediting his testimony and allegations.

The ALJ noted plaintiff does not use pain relievers [narcotic or otherwise] and treatment has been conservative and sporadic. When plaintiff applied for benefits, he was not taking *any* medication.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

The ALJ notes this detrimentally affects the credibility of plaintiff's pain complaints (Tr. 23, citing Exhibit 2F/2-3, 9F/13, 9F/50, 9F/63, 10F, Tr. 162). The amount and type of treatment received is also a permissible consideration in credibility findings. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). An ALJ may also discredit subjective pain complaints where the claimant received "minimal" and "conservative" treatment. *Meanel v. Apfel*, 172 F.3d at 1114. Plaintiff's allegation he suffers from disabling pain is undermined by his failure to consistently seek treatment, to use any medication, and by solely conservative treatment, including physical therapy.

Moreover, the ALJ notes plaintiff initially alleged he was unable to work due to mental impairments. He did not allege pain prevents him from working (Tr. 22, citing Exhibit 3E at Tr. 158).

The ALJ observes plaintiff's daily activities do not appear as limited as expected, given the intensity of pain alleged. The record reveals plaintiff regularly cares for his young daughter, uses public transportation, socializes with family, cooks, cleans, does laundry, shops independently when needed, and uses the internet (Tr. 21, 23).

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Activities such as caring for young children may undermine claims of disabling impairment. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.2001). The record supports the ALJ's observation that plaintiff's daily activities are

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

inconsistent with claims of disabling limitations.

In addition, the court notes plaintiff's numerous inconsistent statements. Plaintiff has described his longest employment as eight months at a Pizza Hut (Tr. 261, July 2008) and as less than 2-3 months (Tr. 187, April 2008). He "walked off" his job at Safeway when he was asked to remove his earrings (Tr. 186) and "stopped working due to social anxiety" (Tr. 158). This also diminishes credibility.

If properly supported, the ALJ's credibility determination is entitled to "great deference." *See Green v. Heckler,* 803 F.2d 528, 532 (9th Cir. 1986). Where the ALJ makes a careful consideration of subjective complaints and provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala,* 10 F.3d 678, 679-80 (9th Cir. 1993). The facts in this record were properly considered, and constitute clear and convincing reasons for finding plaintiff's complaints less than credible.

**B.   Weighing opinion evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

**C.   Psychological limitations**

Plaintiff alleges the ALJ erred by failing to incorporate all mental limitations in the hypothetical. In support of greater limitations, plaintiff cites his own [discredited] testimony and the results of a March 2008 evaluation by Abigail Osborne-Elmer, MS, LMHC, under the supervision of W. Scott Mabee, Ph.D. (ECF No. 13 at 10, referring to Tr. 231-239)(hereafter, Mabee). First plaintiff alleges the hypothetical failed to include how "anxiety would affect his ability to attend and concentrate, and how stress in the workplace would affect this condition." Second, plaintiff points out the ALJ limited him to working with the public face-to-face no more than half the time, to working with the public by phone frequently, and to occasional contact with coworkers; but, plaintiff alleges, these limitations are not supported by the evidence. Next, plaintiff

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11

alleges the ALJ failed to cite "any clear and convincing evidence to justify the rejection" of Dr. Mabee's opinion, "other than to comment that Plaintiff's treatment has been sporadic." Finally, plaintiff alleges the ALJ failed to take into account his use of psychotropic medication prescribed by Dr. Condon (ECF No. 13 at 9-10).

Defendant responds that the ALJ properly rejected some of Dr. Mabee's opinions because they are inconsistent with his own objective findings in the same report. Dr. Mabee opined anxiety disorder would likely interfere with plaintiff's ability to initiate and maintain employment, but the ALJ rejected this conclusion because it was inconsistent with objective findings in the same report, ECF No. 15 at 17, citing Tr. 25, 235.

Defendant is correct. The ALJ observes Dr. Mabee assessed plaintiff's GAF at 63, indicating only mild symptoms or difficulties, rather than symptoms "likely to interfere" with maintaining employment. The ALJ points out additional inconsistencies:

> While Dr. Osborne-Elmer found the claimant's anxiety disorder would likely "temporarily" interfere with his ability to initiate and maintain employment and that his excessive worry and tendency to ruminate on problems would likely affect his ability to maintain long-term employment "at this time," she nevertheless "found the claimant had only minimal problems completing simple and complex tasks. He had no impairment in memory. Judgment was considered low average [sic] found likely to improve with vocational training and job assistance (Exhibit 2F)."

(Tr. 24).

At this evaluation plaintiff admitted he fears going to stores because he worries he will steal, get caught, and go back to jail (Tr. 21, 232). The ALJ notes in July 2008, plaintiff told a DSHS

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12

interviewer he does not want the "$8 an hour jobs, but at least a $15 an hour job," (Tr. 24, 262) indicating plaintiff felt he was able to work.

In August 2008 plaintiff said he took no medication (Tr. 214). A September 18, 2008 ER record shows situational psychological symptoms. Plaintiff complained of depression and suicidal thoughts. His spouse told him a day earlier she wanted a divorce (Tr. 298-299). The ALJ observes plaintiff was assessed with situational depression, stress reaction, and suicidal ideation, but the record also indicates plaintiff was already feeling "quite a bit better by the time he was seen." Plaintiff reported prior counseling but no prior prescribed antidepressants or suicide attempts. Mental health counseling was offered but plaintiff declined it. He was given a prescription for anxiety and released (Tr. 24, 299).

A month later, in October 2008, plaintiff asked for a mental health referral. He thought he may have bipolar disorder and complained of increased stress lately (Tr. 270). He was not seen again for five months, in March 2009. In July 2009, plaintiff gave no history of any mental condition and none was found (Tr. 24, Exhibits 9F, 10F). The ALJ correctly notes these records show mental health treatment has been sporadic, indicating no more than intermittent and situational symptoms (Tr. 25). Donald Condon, M.D., prescribed antidepressants but, as noted, plaintiff did not follow through consistently.

Plaintiff's treatment providers refused to prescribe narcotic pain medication in March and May 2009, noting he was "on too many medications for pain." (Tr. 275, 277). In October 2009, treating PAC Cardwell again denied plaintiff's request for pain medication (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 13

344).

With respect to the mental limitations assessed, it is noteworthy that agency reviewing psychologist James Bailey, Ph.D., opined plaintiff is able to work around others but not if high levels of cooperation are required. He can have superficial contact with the public and co-workers, and is able to perform complex tasks (Tr. 245). The ALJ interpreted these limitations and translated them into the RFC assessed. The ALJ did not err.

**D. Physical limitations**

Plaintiff alleges the ALJ should have found bilateral shoulder instability precludes reaching overhead and in all directions. He alleges the ALJ omitted these limitations by "ignoring testimony to the contrary by the Plaintiff." ECF No. 13 at 11. The Commissioner responds that the ALJ properly discredited plaintiff's credibility, and the objective medical evidence does not support assessing greater limitations, ECF No. 15 at 13-16.

The Commissioner is correct.

No doctor has restricted plaintiff's activities (Tr. 23). The record shows back pain in September 2007 (Exhibit 9F/48, Tr. 282). A month later range of motion was full (Tr. 23, 281). In March 2008 plaintiff was not taking any medication for any physical condition (Tr. 232).

In April 2008, plaintiff stated he could stand 1-3 hours, sit 2-4 hours, lift 30 pounds occasionally, and walk 2-3 miles (Tr. 185).

In August 2008 plaintiff punched a fire door when angry and fractured a finger. This was repaired and healed. Plaintiff was described as "very pleasant, cooperative, and appropriate." (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14

267, 306, 309, 312, 322-324).

In March 2009 plaintiff had no back pain but connective tissue dysfunction consistent with bilateral shoulder instability was revealed by range of motion testing. The ALJ notes shoulder x-rays were unremarkable, and revealed only minimal degenerative disc disease and trace retrolisthesis (Tr. 23, 276, 318-319, 330-331, Exhibit 9F/50). In July 2009 plaintiff gave no history of a back impairment and showed no obvious distress on examination. He was seen for complaints of a puncture wound and a foot fissure (Tr. 23, 340).

The ALJ's limitation to a range of light work is fully supported by the medical record.

**E. RFC and hypothetical**

Plaintiff alleges the RFC is flawed because the ALJ should have included the psychological and physical limitations discussed above. The court has found the ALJ properly weighed the evidence. The allegation is without merit.

A hypothetical question posed to a vocational expert must contain "all of the limitations and restrictions" that are supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989); *see also Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001). "If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).

Notwithstanding plaintiff's contrary allegation, the ALJ incorporated all supported limitations in his question to the vocational expert.

Having reviewed the record and the ALJ's conclusions, this

court finds the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to the parties. Judgment shall be entered for **DEFENDANT** and the file **CLOSED**.

DATED August 16th, 2012.

S/James P. Hutton

JAMES P. HUTTON  
UNITED STATES MAGISTRATE JUDGE